UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTINE A. GIULIANI,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | No. 12-cv-122-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment. ECF No. 14, 17. The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the parties' briefs, the court **grants** defendant's motion for summary judgment, **ECF No. 17**.

## JURISDICTION

Giuliani protectively applied for supplemental security income (SSI) benefits and disability insurance benefits (DIB) on December 12, 2007. She alleged onset as of September 30, 2006 (Tr. 39, 113-15). Benefits were denied initially and on reconsideration (Tr. 92-97, 99-100). ALJ Louis J. Volz, III held a hearing on August 13, 2010 (Tr. 36-57) and issued an unfavorable decision

ORDER - 1

October 4, 2010 (Tr. 17-27). The Appeals Council denied review on January 11, 2012 (Tr. 1-3). The matter is now before the Court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on February 24, 2012. ECF No. 1, 5.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the briefs of the parties. They are only briefly summarized as necessary to explain the court's decision.

Giuliani was 28 years old at onset and 32 on the date of the ALJ's decision. She earned a GED and has worked as a teacher's aide, clerical office worker and receptionist (Tr. 46, 53-54, 144, 152, 257). She alleges disability based on mental limitations (Tr. 143).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

ORDER - 2

The Commissioner has established a five-step sequential evaluation process or determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. §404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case

ORDER - 3

of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence

supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Volz found Giuliani was insured through December 30, 2008 (Tr. 17, 19). At step one, the ALJ found Giuliani did not work at SGA levels after onset on September 30, 2006 (Tr. 19). At steps two and three, he found she suffers from depression and anxiety, impairments that are severe but do not meet or medically equal a listed impairment (Tr. 19-20). He found Giuliani can perform work at all exertional levels but she suffers three moderate nonexertional limitations: in the ability to work with the public, to work in coordination with or proximity to others without being distracted by them and to get along with coworkers or peers without distracting them or exhibiting behavioral extremes (Tr. 20).

The ALJ found Giuliani less than fully credible (Tr. 21), a finding she does not challenge on appeal. At step four, relying on a vocational expert's testimony,

ORDER - 5

the ALJ found Giuliani is capable of performing her past work as a clerical office worker (Tr. 26). Alternatively, at step five, the ALJ found there are other jobs she can perform, such as hand packer and janitor/cleaner (Tr. 26-27). The ALJ concluded plaintiff was not disabled from September 30, 2006 through the date of the decision, October 4, 2010 (Tr. 27).

## ISSUES

Giuliani alleges the ALJ should have called a medical expert and improperly weighed the medical evidence. ECF No. 15 at 4-7. The Commissioner responds that the ALJ was not required to expand the record by calling a medical expert, and he properly weight the evidence in the record. She asks the Court to affirm. ECF No. 18 at 1-2.

## DISCUSSION

*A. Medical expert*

Giuliani alleges the ALJ should have called a medical expert to testify at the hearing, specifically with respect to the step three finding that plaintiff's impairments do not meet or equal a listing. She alleges her strong work history combined with a voluntary hospitalization for mental problems "arguably" show a "documented history of decompensation that suggests the 'B' criteria." ECF No. 15 at 4-5. Citing *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005), the Commissioner responds that the ALJ had no duty to call a medical expert because the record was adequate and not ambiguous. ECF No. 18 at 14-15. Moreover, the Commissioner points out counsel asserted at the hearing this is a step five, not a step three, case. Counsel stated:

"I think probably step five is the most appropriate, Your Honor. I don't think there's enough clarification from some of the other treating providers to address step three." (Tr. 38).

The Commissioner observes that because Giuliani presented no evidence in an effort to establish equivalence at step three, the ALJ had no duty to further consider whether listing medical equivalency was met. ECF No. 18 at 20, 27. *See Lewis v. Apfel,* 236 F.3d 503, 514 (9th Cir. 2001). The Commissioner is correct. There is no evidence showing Giuliani met or equaled a listed impairment.

Instead, the evidence shows Giuliani's ability to serve as her grandmother's caregiver and to care for her two fairly hyperactive boys had markedly declined from November 2008 through January 7, 2009 when Giuliani self-admitted. It was noted at the time she "has suffered from mood problems since her teens" (Tr. 290). The record also shows she was able to work with mood problems, having held her last job for three years (Tr. 256, 318).

The record does not support a different step three finding.

*B. Incomplete hypothetical*

Giuliani alleges the ALJ's hypothetical was flawed because it was based on Dr. Gentile's May 19, 2008 record review (Tr. 263-265, 267-80) instead of "the new [unspecified] medical evidence." ECF No. 15 at 6. Plaintiff may refer to the voluntary psychiatric hospitalization from January 7 through January 12, 2009 (Tr. 287-95) or to counseling records in 2009-2010 (Tr. 298-310), but this is unclear. The Commissioner observes the ALJ properly weighed all of the evidence when he determined Giuliani's RFC. ECF No. 18 at 28.

The Commissioner is correct.

ORDER - 7

Giuliani fails to point to any evidence showing greater limitations than those assessed by the ALJ. In March 2007, about six months after onset, treatment provider Michelle McAlpin, MS, assessed a current GAF of 61-70, indicating mild symptoms or functional difficulties (Tr. 230). In April 2008, examining psychologist Thomas Genthe, Ph.D., assessed a GAF of 60, indicating only moderate symptoms or functional difficulties (Tr. 253). Dr. Genthe noted Giuliani gave inconsistent information (Id.). Prior to release from voluntary psychiatric hospitalization, Giuliani was observed performing the last two days "with little evidence of anxiety" indicated (Tr. 288).

As noted, the ALJ's adverse credibility finding is unchallenged, making it a verity on appeal. The Court notes testing has shown some exaggeration; Giuliani has been noncompliant with taking prescribed medication and she has engaged in activities inconsistent with claimed severe limitations, including caring for two children (*See* Tr. 164-68, 191, 237, 243, 251, 253-54, 257, 294).

The ALJ's hypothetical properly included all of the limitations supported by the evidence.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of legal error.

**IT IS ORDERED**:

1. Defendant's motion for summary judgment, **ECF No. 17**, is **granted.**
2. Plaintiff's motion for summary judgment, ECF No. 14, is denied.

The District Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** the file.

DATED this 31st day of May, 2013.

<u>s/James P. Hutton</u>

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE

ORDER - 9